**STOCKWELL v. COLUMBUS (City), et al.**

Common Pleas Court, Franklin County.

No. 175387.    Decided May 23, 1949.

David Clayman, Columbus, for plaintiff.
Richard W. Gordon, City Atty., Hugh K. Martin and Robert E. Leach, Asst. City Atty., Columbus, for defendant.

## OPINION

By REYNOLDS, J.

Demurrer of defendant, City of Columbus, to plaintiff's amended petition is sustained.

The amended petition seeks to enjoin defendant, City of Columbus, from enforcing Ordinance No. 658-47 of the City of Columbus, which provides for payment of an income tax by all residents having a certain income or more, and also by all persons employed in the city with similar incomes.

The amended petition is based on the alleged unconstitutionality of the ordinance and ten grounds for this claim are set out in the amended petition as follows:

1. "Said tax ordinance is illegal for the reason that the Constitution of the State of Ohio grants the State of Ohio the exclusive right to levy an income tax. Said tax ordinance is an unlawful invasion of the sovereign power of the State of Ohio.

2. "Said tax ordinance is illegal in that it deprives the plaintiff of his private property without due process of law, in violation of the Constitutions of the United States and the State of Ohio.

3. "Said tax ordinance is illegal because in providing for a deduction of a portion of the plaintiff's salary, it creates an impairment of the obligation of contracts in violation of the Constitutions of the United States and the State of Ohio.

4. "Said tax ordinance is illegal because it taxes the entire gross wages due the plaintiff from the Jaeger Machine Company, and in so doing causes the plaintiff to pay a tax on funds that he pays to the federal government for income tax and social security.

5. "Said tax ordinance is illegal because it is discriminatory as between wage earners employed in Columbus and other tax payers. Wage earners employed in Columbus are deprived of their tax payments on each payday; whereas, other tax

payers pay said tax quarterly and have the use of said funds during the interventing periods.

6. "Said tax ordinance is illegal because it is discriminatory in that it is not levied against the income from intangible property and the income of common carriers and insurance companies, but causes other taxpayers to pay the tax.

7. "Said tax ordinance is illegal in that it violates §§12946-1, 12946-2 and 6346-13 GC, causing the employer to fail to pay the plaintiff the wages due him. The defendant, Jaeger Machine Company, employs over 5 employees.

8. "Said tax ordinance is illegal in that it improperly delegates to employers the duty of the City Treasurer to collect and hold public monies.

9. "Said tax ordinance is illegal in that it improperly delegates to the Board of Appeals created by said ordinance the duty of the Council of the City of Columbus to set the rate of taxes and the duty of the City Auditor to set the amount due.

10. "Said tax ordinance is illegal because it is discriminatory, unjust and contrary to public policy in taxing the entire gross income of the plaintiff; whereas, it taxes only the net profits of the businesses and professions."

The first ground as above set forth is that the State of Ohio has the exclusive right to levy on income tax. This claim is based on **Sections 8 and 9, Article XII ·of the Ohio Constitution,** which provide as follows:

Section 8. "Laws may be passed providing for the taxation of income * * *"

Section 9. "Not less than fifty per centum of the income and inheritance taxes that may be collected by the state shall be returned to the county, school district, city, village or township in which said income or inheritance tax originates, or to any of the same as may be provided by law."

It should be observed, however, that if there had been no constitutional provision concerning income taxes, the state in its sovereign capacity could have provided by law for income taxes.

The case of **Hoefner v. City of Youngstown, 147 Oh St 58, 33 O. O. 247,** is cited as authority for plaintiff's position, but in that case the State of Ohio had preempted the field by enacting an excise tax law upon utilities and when the City of Youngstown passed an ordinance imposing an excise tax

on gas, electricity, telephone and water, the ordinance was declared invalid, the court holding that:

"By virtue of §5546-2 GC which has levied a retail sales tax and §5483 GC which * * * has provided for a tax on the gross receipts of utility companies, the state has pre-empted the field of taxation which includes inter alia receipts by utility companies from natural gas, electricity and water sold to consumers and local service and equipment furnished to telephone subscribers."

In its opinion the court said:

"It must now be regarded as settled law in this jurisdiction that a municipality may levy and collect an excise tax for local purposes so long as it is not precluded by state legislature * * *. Power of the General Assembly to limit or preclude taxation by municipalities would no doubt exist even in the absence of an express constitutional grant; but such a grant is not lacking. **Section 13, Article XVIII of the constitution** (adopted at the same time as the home rule amendment) provides thus; 'Laws may be passed to limit the power of municipalities to levy taxes * * *'. Under that provision the General Assembly may impose the limitation not only expressly but also impliedly. The limitation is imposed by implication where the State Legislation levies the same or a similar excise and thus pre-empts the field. After such pre-emption takes place a municipal tax within the same field cannot be levied or collected."

The above case therefore does not support plaintiff's argument that a municipality cannot levy a tax which the state may levy. It only goes to the point that a municipality cannot levy a tax which the state has already levied and this court is of the opinion that the conclusion to be drawn from the Hoefner case is that had there been no excise tax levied by the state at the time in question, the Youngstown ordinance levying such a tax would have been valid.

The reasoning of the court therefore supports defendant's position here to the effect that it is not precluded from levying an income tax, where the state has not pre-empted the field but left it entirely open.

In the case of **State v. Carrel, 99 Oh St, 220,** the court said:

"It may be said in this connection that it is clearly to be implied from the constitution that municipalities are without power to levy an income or inheritance tax."

This statement was purely obiter as the question was not

involved, so that the statement cannot be considered as anything but the personal opinion of the judge and therefore not binding on this court.

It is also interesting to note that in that case the court held that a municipality under its legislative powers as provided for in **Section 3, Article XVIII of the Ohio Constitution** has the authority to exercise all powers of local self-government including the power of taxation. On page 227 is found this significant statement by the court in discussing the power of taxation:

"The constitution recognizing the necessity of this grant of power conferred it on municipalities, subjecting them only to the staying hand of the general assembly in respect to its limitation."

This court is therefore of the opinion that unless and until the State of Ohio enacts laws providing for an income tax, a municipality may do so.

The second ground set out in the petition, as the basis for the claim of invalidity of the ordinance is that it is a deprivation of property without due process of law.

If the power to levy an income tax is upheld, then there is no want of due process, so that what has been said with respect to the power of the municipality to levy an income tax is dispositive of this objection.

The third ground set out is that the ordinance impairs the obligation of a contract. No contract is pleaded, the petitioner contenting himself with the argumentative statement, that since the ordinance provides for a deduction of a portion of plaintiff's salary, it creates an impairment of the. obligation of contracts.

This court cannot agree with this conclusion. The contract between petitioner and his employer is not changed. His wages or salary remain the same and in this connection is a convenient means of payment of the tax. See Dole v. Phila 337 Pa. 375.

The fourth reason set out as to the invalidity of the ordinance is that it taxes the gross income and causes plaintiff to pay a tax on funds which he pays to the Federal Government by way of Federal income tax, etc. This question is decided in the case of Gorham v. Travis, 274 Fed. (2nd) 975 in which case it was held that:

"A state in taxing the income of a corporation, foreign or domestic, is not required to deduct from such income the tax paid therefrom to the United States."

Conceding the power of a municipality to levy an income tax, it necessarily follows that it is not required to deduct from such income the tax paid to the United States.

The fifth ground stated in the petition is that the ordinance is discriminatory as between wage earners employed in Columbus and other taxpayers in that wage earners are compelled in effect to make tax payments each pay day, whereas others only pay quarterly and thus have the use of the amount of their payments in the meantime. This claim loses sight of the fact that other taxpayers are required to file an estimate of their income and pay thereon quarterly in advance.

It also ignores the fact that all taxpayers in the same classification are similarly treated. The identical situation is found with respect to federal income tax payments and this has been held to be valid. See Board of Tax Commissioners of Indiana v. Jackson, 283 U. S. 527 in which the court said:

2. "The classification of incomes for taxation is a matter to be determined by the legislative branch of the government under its powers to classify subjects for taxation and classifications adopted by it will usually be upheld, if there is no discrimination in favor of one as against another of the same class."

The sixth ground claimed as to the invalidity of the ordinance is that it is discriminatory in that it is not levied against income from intangible property and the income of common carriers and insurance companies.

What was said with respect to the fifth ground for objection above is applicable here.

The seventh ground is that the ordinance is illegal in that it causes the employer to fail to pay plaintiff the wages due him.

The answer to this claim is that the ordinance is in no respect a violation of §§12946-1 and 2 and 6346 GC which provides in substance that an employer of five or more persons shall by the first of the month pay to his employees the money earned by such during the first two weeks of the preceding month and on or before the fifteenth of each month pay the wages earned during the last two weeks of the preceding month, and that there shall be no valid assignments of such wages except for certain purposes. The ordinance in no way prevents the payment of wages pursuant to these statutes. The wages are paid in full, in part to the employee and in part to the city in payment of the employee's liability under the ordinance. This right of a sovereignty to

provide such means of collection or payment of a municipal income tax has been recognized in the cases of Stoudt v. Phila. 38 D. C. (Pa.) 222, to which reference is made.

The eighth basis set out to support the claim of illegality is that the ordinance improperly delegates the duty of the city treasurer to collect and hold public money to private employers. The city treasurer does collect and hold the money so paid as income tax, the employer simply being the medium by which payment is made. This is in effect the same ultimate objection as is raised in the third ground set out in plaintiff's amended petition and heretofore discussed.

The ninth ground set out in plaintiff's pleading is that the ordinance is invalid in that there is an improper delegation of legislative authority in that it gives to a Board of Appeals created by the ordinance the power to fix the rate and set the amount due. So far as wage earners are concerned, the Board of Appeals acts only in an administrative capacity. The amount of the wage earner's tax is fixed by council in the ordinance, as well as the provisions for the employer's withholding the same and paying it into the city treasurer.

The tenth objection is that the ordinance is discriminatory in that it imposes a tax on a wage earner's gross income and a tax on only the net income of businesses and professions. Here again the same principle is involved as raised in objections five, six and seven above.

So long as all those of a given class are similarly affected by the ordinance, it will not be declared invalid because of the fact that those of a different class may be otherwise affected.

The only Ohio decision on the questions here involved is the case of Angell v. City of Toledo, being case No. 169,563 in the Court of Common Pleas, Lucas County, Ohio, in which the court held valid an ordinance of the City of Toledo, which is in all essentials similar to the ordinance here in question.

The court therefore sustains defendant's demurrer to plaintiff's amended petition.